UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMHOTEP SALAT,<br><br>   Plaintiff,<br><br>   v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>   Defendants. | No. 2:15-cv-00890-MCE-AC<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

This matter is before the undersigned pursuant to Local Rule 302(c)(21). The court's own findings and recommendations and defendants' objections thereto are currently before the court. Upon further consideration and in light of defendants' objections, the court finds that sua sponte remand of this matter is not appropriate. Instead, the court will transfer this matter to the court where venue is proper, the United States District Court for the District of Nevada. Accordingly, the court will vacate its findings and recommendations and recommend that this matter be transferred to the United States District Court for the District of Nevada.

PROCEDURAL BACKGROUND

Plaintiff's complaint in this matter was filed in Clark County Superior Court in Nevada on March 31, 2015. ECF No. 1-1 at 2–8. Plaintiff's complaint includes claims against defendants for violation of 42 U.S.C. § 1983 and negligence. Id. On April 24, 2015, defendants removed the matter to this court based on the existence of a federal question. ECF No. 1 at 2–3. Defendants'

1

notice of removal cited <u>Harris v. Bankers Life & Cas. Co.</u>, 425 F.3d 689, 692 (9th Cir. 2005)—which, in turn, quoted from 28 U.S.C. § 1446(a)—for the proposition that removal was proper. ECF No. 1 at 2.  Conveniently, defendants' <u>Harris</u> quote omitted the part of § 1446(a) that requires cases to be removed to the district court in the district and division where the action is pending.  <u>Compare</u> <u>Harris</u>, 425 F.3d at 692 (quoting 28 U.S.C. § 1446(a)) ("'A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court . . . a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.'"), <u>with</u> 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . .").

In light of the fact that the Eastern District of California is not the court in the district and division where this action was pending in state court the court issued findings and recommendations recommending that this matter be remanded to Clark County Superior Court on May 14, 2015.  ECF No. 9.  However, on May 27, 2015, defendants filed objections to the court's findings and recommendations arguing that (1) it would be improper for the court to remand this matter sua sponte based on improper venue; (2) plaintiff has waived any potential objection based on improper venue; (3) this court is ultimately the proper venue for this matter because defendants are subject to personal jurisdiction in this court, and not in Nevada; and (4) if the court does decide to remove this matter from its docket it should transfer it to the U.S. District Court for the District of Nevada, not remand it.  ECF No. 10.

ANALYSIS

The court agrees that it cannot, in fact, remand this matter sua sponte because § 1446(a)'s requirement that cases be removed to the district where the case is pending is procedural in nature.  However, venue is still improper in this district and accordingly, the court will recommend this matter be transferred.  "[D]efendants desiring to remove any civil action from a State court [should] file <u>in the district court of the United States for the district and division within which such action is pending</u> a notice of removal . . . ." 28 U.S.C. § 1446(a) (emphasis

added). It is undisputed that the Eastern District of California is not the district in which plaintiff's state court action was pending. ECF No. 10 at 2 (conceding that venue in this district is improper). However, defendants contend that the court should allow this matter to be litigated here anyways because venue is a procedural requirement that cannot form the basis for a sua sponte remand. Id. at 5–6.

The Ninth Circuit has not addressed the issue of whether removal to the wrong district is a substantive or procedural defect; however, the Eleventh Circuit has held that it is a procedural one. Peterson v. BMI Refractories, 124 F.3d 1386, 1391 (11th Cir. 1997). In so holding, the Eleventh Circuit relied in large part upon Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 670 (1953). In Polizzi, the Supreme Court held that 28 U.S.C. § 1391, the general venue provision, cannot divest district courts of jurisdiction for two reasons: (1) § 1391 does not apply in removal proceedings, § 1446(a) does; and (2) even if § 1391 did apply it could not divest federal courts of jurisdiction because venue is not a jurisdictional requirement. Id. at 902. In so holding the Court explicitly referred to § 1446(a)'s requirement that removal be to the court in the district where the case is pending as a "venue" provision. Id. Peterson pointed to this framing of § 1446(a) as strong evidence that it should be considered a procedural requirement, just like venue generally. 124 F.3d at 1392–93. Numerous California District Court opinions have since cited Peterson for this proposition. Regents of Univ. of California v. Comerchero, No. CV 09-00862 MMM FMOX, 2009 WL 481464, at *6 n.5 (C.D. Cal. Feb. 23, 2009); Setterland v. Patel, No. C 05-04501 WHA, 2006 WL 335285, at *1 (N.D. Cal. Feb. 14, 2006); see also Shamrock Mfg. Co. v. Ammex Corp., No. CV-F-10-908 OWW/SKO, 2010 WL 3153976, at *6–7 (E.D. Cal. Aug. 9, 2010) (citing several district court cases characterizing removal to an improper district as a procedural defect). The court is persuaded by the Eleventh Circuit's reasoning.

In light of the fact that § 1446(a)'s venue provision is a procedural requirement, the court finds that it cannot remand this matter sua sponte. See Smith v. Mylan Inc., 761 F.3d 1042, 1045 (9th Cir. 2014) (holding that courts cannot remand cases sua sponte for procedural defects); accord Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192–93 (9th Cir. 2003). Nevertheless, while the court cannot remand sua sponte based on improper

venue, it finds that it can transfer. Setterland v. Patel, No. C 05-04501 WHA, 2006 WL 335285, at *1 (N.D. Cal. Feb. 14, 2006); see also Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) ("In the absence of a waiver, we can find no reason to hold that the district court erred by raising the issue of defective venue on its own motion.").

Defendants argue that this matter cannot be transferred because plaintiff has waived any objection to venue by consenting to the jurisdiction of the undersigned. ECF No. 10 at 3–4. However, the defense of improper venue can be raised in either a responsive motion or pleading. Fed. R. Civ. P. 12(b)(3); see also Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (holding that the defendants had not waived the defense of improper venue because they had yet to file a responsive pleading and their time to do so had not expired). Plaintiff has yet to file a responsive pleading, and the time to do so has not expired. Accordingly, the court finds that plaintiff has not waived his right to object based on improper venue.[1]

Accordingly, the court finds that sua sponte remand is not appropriate under the present circumstances, and will vacate its May 14, 2015, findings and recommendations.

## CONCLUSION

In light of the foregoing, THE COURT HEREBY ORDERS that its May 14, 2015, findings and recommendations, ECF No. 9, are VACATED.

THE COURT FURTHER HEREBY RECOMMENDS that this case be TRANSFERRED to the United States District Court for the District of Nevada.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document

---

[1] Defendants also argue that the court should allow this matter to be litigated here because defendants are subject to personal jurisdiction in this court, and not in Nevada. ECF No. 10 at 4–5. Accordingly, even if this matter is transferred to the U.S. District Court for the District of Nevada, defendants argue it will ultimately end up here. Id. However, lack of personal jurisdiction is a defense that defendants can assert in the U.S. District Court for the District of Nevada, where venue is proper. See Fed. R. Civ. P. 12(b)(2). Doing so would not, as defendants contend, result in this matter somehow being transferred to this court.

should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within **seven days** after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156–57 (9th Cir. 1991).

DATED: June 15, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE